RECORD NUMBER: 13-4549

# United States Court of Appeals

### *for the*

# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**TYSHIK-KEE WILLIAMS,**

*Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA AT RALEIGH**

# OPENING BRIEF OF APPELLANT

**BRADLEY L. HENRY**
**BREEDING & LODATO, LLC**
**117 Center Park Drive**
**Suite 201**
**Knoxville, TN 37922**
**(865) 670-8535**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................... ii

JURISDICTIONAL STATEMENT ................................................ 1

STATEMENT OF THE ISSUES

I.    A SENTENCE OF 240 MONTHS IS PROCEDURALLY
      UNREASONABLE ...................................................... 1, 6

II.   A SENTENCE OF 240 MONTHS IS SUBSTANTIVELY
      UNREASONABLE ..................................................... 1, 14

STATEMENT OF THE CASE .......................................................... 1

STATEMENT OF FACTS ............................................................... 2

SUMMARY OF ARGUMENT ....................................................... 5

ARGUMENT ...................................................................... 6

CONCLUSION .......................................................................... 21

STATEMENT IN SUPPORT OF ORAL ARGUMENT ............................ 21

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

# TABLE OF AUTHORITIES

**Cases**

*Gall v. United States,*
    552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) ................ *passim*

*United States v. Cash*,
    983 F.2d 558 (4th Cir. 1992) ............................................................ 11

*United States v. Davis*,
    720 F.3d 215 (4th Cir. 2013) .....................................................*passim*

*United States v. Diosdado–Star,*
    630 F.3d 359 (4th Cir.2011) ............................................................ 14

*United States v. Evans,*
    526 F.3d 155 (4th Cir. 2008) ............................................................ 15

*United States v. Heath*,
    559 F.3d 263 (4th Cir. 2009) ....................................................*passim*

*United States v. Lynn,*
    592 F.3d 572 (4th Cir.2010) .............................................................. 6

*United States v. Moreland,*
    437 F.3d 424 (4th Cir.2006) ............................................................ 15

*United States v. Ron Pair Enters., Inc.,*
    489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) .................... 10

*United States v. Savillon–Matute,*
    636 F.3d 119 (4th Cir. 2011) ............................................................ 14

**United States Code**

18 U.S.C. § 3231 ............................................................................. 1

18 U.S.C. § 3553(a) ................................................................ 6, 18, 19, 21

18 U.S.C. § 922(g)(1) ................................................................... 1

21 U.S.C. § 841(a)(1) ................................................................... 1

21 U.S.C. § 841(b)(1)(c) ............................................................... 1

28 U.S.C. § 1291 ........................................................................... 1

**Rules of Appellate Procedure**

Fed. R. App. P. 34(a) .................................................................. 21

**United States Sentencing Guideline**

U.S.S.G. § 4A1.3 ...................................................................*passim*

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. Mr. Williams plead guilty without a written plea agreement. (Plea Transcript, J.A. 28-57). A Judgment was entered on July 18, 2013. (Judgment, J.A. 165-170). On July 23, 2013, Mr. Williams timely appealed that Judgment. (Notice of Appeal, J.A. 171). This Court has jurisdiction, pursuant to 28 U.S.C. §1291, over this timely appeal from a final order.

## STATEMENT OF THE ISSUES

**I.    A SENTENCE OF 240 MONTHS IS PROCEDURALLY UNREASONABLE**

**II.   A SENTENCE OF 240 MONTHS IS SUBSTANTIVELY UNREASONABLE**

## STATEMENT OF THE CASE

On July 18, 2013, the district court sentenced Mr. Williams for violations of 18 U.S.C. 922(g)(1) and two substantive counts of 21 U.S.C. 841(a)(1) punishable by 841(b)(1)(c). (PSR, J.A. 174; Judgment, J.A. 165-170). Prior to the sentencing hearing the government filed a Motion for Upward Departure from the calculated guideline range contained in the Presentence Report. (Motion for Upward Departure, J.A. 58-71). Mr. Williams filed a Response in Opposition to the government's request. (Response, J.A. 72-77).

At sentencing the court heard testimony from ATF Agent Tim Sloan. (Sentencing Transcript, J.A. 89-164). The court granted the government's Motion

1

for Upward Departure, and also varied upward to sentence Mr. Williams to the statutory maximum 240 months imprisonment, four times the guideline range of 70-87 months calculated in the PSR.   (Sentencing Transcript, J.A. 78-164; Judgment, J.A. 165-170; PSR, J.A. 184).

On July 23, 2013, Mr. Williams filed a timely Notice of Appeal.  (Notice of Appeal, J.A. 171).

## STATEMENT OF FACTS

Mr. Williams was sentenced to the statutory maximum sentence of 120 months on Count I, 240 months on Count II, and 240 months on Count III for a total effective sentence of 240 months, 153 months more than the guideline range established by the PSR and 52 months higher than the guideline adopted by the Court after it granted a departure to de facto career offender status.  (Judgment, J.A. 165-170; PSR, J.A. 184; Sentencing Transcript, J.A. 78-164).

Mr. Williams plead guilty to the Indictment without a written plea agreement.  (Arraignment Transcript, J.A. 28-57).  A PSR was completed, after objections, and calculated a guideline range of 70-87 months.  (PSR, J.A. 184).  The government filed a Motion for Upward Departure arguing that Mr. Williams criminal history category III substantially under-represented Mr. Williams' criminal history.  (Motion for Upward Departure, J.A. 58-71).  Mr. Williams responded in opposition arguing that this Court's opinion in *United States v. Davis*,

2

720 F.3d 215 (4th Cir. 2013), concluded that Mr. Williams could not be considered a career offender and that the opinion in Davis would lose its teeth if Mr. Williams were found to be a career offender. (Response to Gov. Motion for Upward Departure, J.A. 72-77).

On July 18, 2013, Mr. Williams was sentenced. (Sentencing Transcript, J.A. 78-164). At the sentencing hearing the district court acknowledged that there were unresolved objections to the PSR and a request for upward departure by the government. (Sentencing Transcript, J.A. 81-83). The Court determined it would hear testimony from the government in support of the guideline enhancements and its motion for upward departure together. (Sentencing Transcript, J.A. 87).

The government called ATF Agent Tim Sloan to testify. (Sentencing Transcript, J.A. 89-112). Agent Sloan testified that he had been investigating the Money Gang Mob, a street gang in Henderson, NC, and testified that Mr. Williams was involved in that gang. (Sentencing Transcript, J.A. 89-91). Agent Sloan testified based on his review of police reports, many of which did not lead to arrest or charge, limited witness testimony, and personal knowledge from recorded jail calls and surveillance of one of the charged heroin offenses. (Sentencing Transcript, J.A. 112-124). His testimony recounted 15 prior incidents involving criminal activity the government alleges Mr. Williams was involved with. (Sentencing Transcript, J.A. 89-111). Two of the offenses were the basis for this

3

case, two were convictions for common law robbery in North Carolina that were consolidated to one Judgment, and 11 were either dismissed or not charged. (Sentencing Transcript, J.A. 89-124).

Based on Agent Sloan's testimony the court denied the objections to the presentence report by Mr. Williams.  (Sentencing Transcript, J.A. 124-134).  The court adopted the remainder of the PSR and found a guideline range of 70-87 months.  (Sentencing Transcript, J.A. 81, 134).

The court considered the Motion for Upward Departure filed by the government.  (Sentencing Transcript, J.A. ; Motion for Upward Departure, J.A. 58-71; Response to Motion, J.A. 72-77).  Using the same testimony from Agent Sloan, the court granted an upward departure to de facto career offender status adopting a guideline range of 151-188 months.  (Sentencing Transcript, J.A. 134-148).

Thereafter, the court heard argument from counsel for Mr. Williams, the government and a statement from Mr. Williams.  (Sentencing Transcript, J.A. 112-164).  Again, based on the same testimony from Agent Sloan, the Court determined an upward variance to the statutory maximum sentence in each count was warranted.  (Sentencing Transcript, J.A. 157-161).  The sentences were ordered to run concurrently for a total effective sentence of 240 months. (Sentencing Transcript, J.A. 161; Judgment, J.A. 165-170).

4

Mr. Williams appeals his sentence based on procedural and substantive unreasonableness.

## SUMMARY OF ARGUMENT

Mr. Williams raises two interrelated issues on appeal. First, that the sentence in this case is procedurally unreasonable. Second, and in the alternative, the sentence in this case is substantively unreasonable.

The district court failed to properly calculate the guideline range. The court found that Mr. Williams was a de facto career offender and increased the applicable guideline range from 70-87 months to 151-188 months, more than a 100% increase in the suggested sentence in the PSR. In doing so the court considered uncharged or dismissed conduct against the plain language of the guideline. Additionally, the court found de facto career offender status despite this Court's recent decision in *Davis*. *See Davis* The court should be required to make an independent determination of the need to depart upward using appropriate criteria, and only then consider whether a de facto career offender finding is appropriate.

If this Court finds that the guideline calculation was improper, but that an alternative variant sentence applies, Mr. Williams argues that the sentence is substantively unreasonable.

5

The district court relied heavily on Mr. Williams' criminal history in determining that a substantial variance upward to the statutory maximum for each count was warranted. However, the court failed to state appropriate reasons for such a dramatic increase in the sentence.

This Court should vacate the sentence and remand this case for resentencing.

## **ARGUMENT**

This Court reviews a sentence for reasonableness under an abuse of discretion standard. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. *Id.*; *see United States v. Lynn,* 592 F.3d 572, 575 (4th Cir.2010).

## I.     A SENTENCE OF 240 MONTHS IS PROCEDURALLY UNREASONABLE

In determining the procedural reasonableness of a sentence, this Court considers whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Gall,* 552 U.S. at 51, 128 S.Ct. 586. No presumption of unreasonableness attaches to a sentence outside of the Guidelines range. *Id.* A district court must explain the appropriateness of an unusually lenient or harsh sentence with sufficient justifications. *Gall* at 590.

6

**a. The district court improperly calculated the guideline range by applying a de facto career offender guideline to Mr. Williams**

United States Sentencing Guideline 4A1.3 provides that an upward departure may be warranted if a, "defendant's criminal history category substantially under-represents," the defendants criminal history the court may grant an upward departure under the guidelines.  U.S.S.G. 4A1.3 specifically provides:

> (a)     UPWARD DEPARTURES.—
>
> (1)     STANDARD FOR UPWARD DEPARTURE.—If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.
>
> (2)     TYPES OF INFORMATION FORMING THE BASIS FOR UPWARD DEPARTURE.— The information described in subsection (a) may include information concerning the following:
>
> (A)     Prior sentence(s) not used in computing the criminal history category (u.g., sentences for foreign and tribal offenses).
>
> (B)     Prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions.
>
> (C)     Prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order.

7

(D)    Whether the defendant was pending trial or sentencing on another charge at the time of the instant offense.

(E)    Prior similar adult criminal conduct not resulting in a criminal conviction.

(3)    PROHIBITION.—A prior arrest record itself shall not be considered for purposes of an upward departure under this policy statement.

U.S.S.G. 4A1.3.

In addition to the applicable scenarios in 4A1.3(2)(A)-(E), the application notes provide:

2.    <u>Upward Departures</u>.—

(A)    <u>Examples</u>.—An upward departure from the defendant's criminal history category may be warranted based on any of the following circumstances:

(i)    A previous foreign sentence for a serious offense.

(ii)    Receipt of a prior consolidated sentence of ten years for a series of serious assaults.

(iii)    A similar instance of large scale fraudulent misconduct established by an adjudication in a Securities and Exchange Commission enforcement proceeding.

(iv)    Commission of the instant offense while on bail or pretrial release for another serious offense.

(B)    <u>Upward Departures from Criminal History Category VI</u>.—In the case of an egregious, serious

> criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history, a departure above the guideline range for a defendant with Criminal History Category VI may be warranted. In determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record. For example, a defendant with five prior sentences for very large-scale fraud offenses may have 15 criminal history points, within the range of points typical for Criminal History Category VI, yet have a substantially more serious criminal history overall because of the nature of the prior offenses.

U.S.S.G. 4A1.3, App. N. 2.

In the instant case, the district court granted the government's motion for upward departure based on testimony related to approximately 15 incidents alleged to have involved Mr. Williams. That testimony was based on one agent's review of police reports, limited witness interviews, a handful of audio-recorded jail calls and surveillance of a heroin transaction that formed the basis for Count II in this case. No additional testimony was offered from any complaining witness. However, 11 of those convictions were either not charged or dismissed. Two of the incidents were charged in the instant case. The remaining two incidents resulted in convictions for common law robbery under North Carolina Law. Those

convictions were consolidated in one judgment under North Carolina law and were counted as three points under the criminal history calculation. (PSR, J.A. 179).

Before the court may depart upward using the de facto career offender guideline it must make a determination that a departure is warranted under U.S.S.G. 4A1.3. Under U.S.S.G. 4A1.3, the district court may consider prior convictions, prior civil orders of misconduct, pending charges at the time of the instant offense, foreign sentences, consolidated assaults, large frauds, and commission of the instant offense while on bail or pretrial release. U.S.S.G. 4A1.3. The guideline says nothing about considering uncharged or dismissed criminal conduct, and states clearly that, "[a] prior arrest record itself shall not be considered for purposes of an upward departure under this policy statement." *Id*. As a general matter, the plain meaning of the Guidelines trumps policy considerations. *See United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 240, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) ("The plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.") (internal quotation marks and alterations omitted).

Mr. Williams submits that the district court's consideration of conduct not charged or dismissed is inappropriate for concluding that an upward variance is warranted. The consideration of those offenses not charged or dismissed is not a

10

basis for upward departure because they could not have been counted in the first instance. There is no technicality preventing their consideration for criminal history points, they simply do not apply. The 11 uncharged or dismissed charges underlying the upward departure in this case were improper to form a basis for upward departure. Even so, the court chose to depart to a de facto career offender status.

The convictions for common law robbery were consolidated into a single judgment. Pursuant to *Davis*, convictions consolidated into a single judgment may not be considered two prior convictions for enhancement under the career offender guideline. *Davis* at 220. Because these two sentences, if not consolidated, would be a basis for career offender status the district court may arguably depart directly to the career offender guideline. *United States v. Cash*, 983 F.2d 558, 562 (4th Cir. 1992). However, this may only be done once the district court has made a determination pursuant to U.S.S.G. 4A1.3 that an upward departure is warranted. The two consolidated common law robbery convictions alone should not form the basis of this departure. If that were the case, every defendant with two prior felony convictions that qualify as career offender predicates would qualify as a career offender, and the analysis under 4A1.3 would be moot.

Because the district court considered the 11 uncharged or dismissed acts as the basis for the upward departure, the guideline range was inappropriately

11

calculated, and remand is warranted. Therefore, Mr. Williams objects to the finding that an upward departure is warranted, and as a result the district court may not depart directly to de facto career offender status.

### b. Application of a de facto career offender status would undercut this Court's decision in *Davis*

This Court recently considered a case involving two prior consolidated convictions under North Carolina Law. In *Davis*, this Court found that when cases are consolidated for sentencing purposes they may not be used as a basis for career offender status. *See Davis* at 220. This Court recognized that a request for upward departure or variance might be appropriate. If *Davis* is to have any practical application this Court must find that the consolidation reverts the trial court to determining whether an upward departure is warranted under the language of 4A1.3. The district court should not be permitted to simply find an upward departure is warranted based solely on the conduct underlying the two consolidated qualifying crimes lest *Davis* be a case of form over function.

The government states that Mr. Williams received a fortuitous benefit from the *Davis* case. (Motion for Upward Departure, J.A. 58-71). They argue but for the *Davis* case, Mr. Williams would have been found to be a career offender. This ignores the implication of *Davis* and undercuts this Courts opinion.

Mr. Williams certainly benefitted from the opinion in *Davis*. However, as controlling law in this case, the district court must revert back to the plain language

12

of 4A1.3 and consider the underlying conduct to determine if an upward departure is warranted. While the common law robbery convictions may warrant some increase in the criminal history category on an incremental basis, an upward departure to de facto career offender status based on prior uncharged or dismissed conduct ignores the plain language of 4A1.3. The district court recognized that it was considering uncharged or dismissed conduct stating that:

> I THINK, WHEN I COUPLE THOSE WITH THE AGENT'S TESTIMONY, WHICH I HAVE CREDITED HERE TODAY, WHEN I THINK ABOUT, AND I TAKE MR. MORRISON'S POINT ABOUT IN SOME INSTANCES THERE WEREN'T CHARGES.
>
> ***
>
> BUT I DO, WHEN I GO THROUGH THIS REPORT, HAVING LISTENED TO THE AGENT'S TESTIMONY ABOUT ALL OF THESE VARIOUS INCIDENTS INVOLVING SHOTS BEING FIRED, AND EVEN TAKING INTO ACCOUNT SOMETIMES PEOPLE WEREN'T CHARGED, MAYBE AT THE AGENT'S REQUEST OR WHATEVER, OTHER THAN WHEN HE'S IN JAIL AND DOESN'T HAVE A WEAPON AT THE READY, HE'S ESSENTIALLY ARMED AND READY TO SHOOT, OBVIOUSLY AS A HEROIN DEALER AND AS PART OF WHAT THE GANG DOES.

(Sentencing Transcript, J.A. 145, 148).

Procedurally, the district court erred by considering the prior uncharged or dismissed conduct as a basis for departure to de facto career offender status. The

13

court should be required to consider the criminal conduct, i.e. convictions or other court findings, to form a basis for upward departure under 4A1.3.

Wherefore, this Court should find that the sentence is procedurally unreasonable because the district court did not properly calculate the guideline range. In any event, the district court acknowledged that its calculation may be flawed and stated that its sentence was a variant sentence. Thus, should this Court find that the procedural error in calculating the guideline is overcome by the alternative variant sentence stated by the district court, the sentence is still substantively unreasonable.

## II.    A SENTENCE OF 240 MONTHS IS SUBSTANTIVELY UNREASONABLE

Absent a significant procedural error, the court's next step is to assess the substantive reasonableness of the sentence imposed. *See United States v. Diosdado–Star,* 630 F.3d 359, 363 (4th Cir.2011) (internal quotation marks omitted). In either event, a "deferential abuse-of-discretion standard" applies to "any sentence, whether inside, just outside, or significantly outside the Guidelines range." *See United States v. Savillon–Matute,* 636 F.3d 119, 122 (4th Cir. 2011) (internal quotation marks omitted). Furthermore, either when applying a departure provision or varying from the Guidelines range, the district court must give "serious consideration to the extent" of the departure or variance, and "must adequately explain the chosen sentence to allow for meaningful appellate review

14

and to promote the perception of fair sentencing." *Gall* at 46, 50. Although the district court's justification for the sentence must "support [ ] the degree of the variance," and "a major departure should be supported by a more significant justification than a minor one[,] ... a district court need not justify a sentence outside the Guidelines range with a finding of extraordinary circumstances." *United States v. Evans,* 526 F.3d 155, 161 (4th Cir. 2008); *Gall* at 597; *see also United States v. Moreland,* 437 F.3d 424, 434 (4th Cir.2006) ("The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be.")

The Supreme Court has instructed that, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall,* 128 S.Ct. at 596. The district court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."

In this case, the district court determined that an increase of 153-170 month increase from the guideline calculated in the PSR or 52-89 month increase from the de facto career offender range was warranted. In either event, the court imposed a major variance from the recommended guideline and such a variance requires "more significant justification." *See Gall,* 128 S.Ct. at 597 ("If the district court decides to impose a sentence outside the Guidelines range, it must ensure that its

15

justification supports the 'degree of the variance'; thus, 'a major departure should be supported by a more significant justification than a minor one.'").

In *United States v. Heath*, 559 F.3d 263, 265-66 (4th Cir. 2009), This Court considered a case similar to the case at bar, but distinguishable in a number of important ways.  Heath plead guilty to "interfering with commerce by robbery and possessing a firearm after being convicted of a felony," and had a guideline range calculated at 100-125 months.  Like Mr. Williams, Heath's statutory maximum sentence was a combination of 240 months and 120 months, respectively.  The government in Heath moved for an upward departure and the district court granted this request based on a significant criminal history.  This Court recounted that criminal history saying:

> The PSR also detailed Heath's extensive criminal history. Specifically, the report related that Heath had previously committed several felonies and misdemeanors, as well as numerous violent infractions while he was in prison. The first felony conviction was for assault with a deadly weapon that inflicted serious injury, stemming from Heath stabbing another man in the chest with a knife. The second set of felony convictions arose from Heath's shooting of a police officer three times in the back and shoulders.

> The PSR further noted that Heath accrued thirty-one infractions while in prison. Several of these infractions were violent: assaulting staff with a weapon, assaulting another person with a weapon, threatening by fire, assaulting staff by throwing liquids, starting a non-threatening fire,

16

provoking an assault, two incidents of fighting, and four incidents of making verbal threats. Other non-violent infractions included seven incidents of possessing illegal substances; two counts of committing sexual acts; using profane language; five incidents of disobeying staff orders; bartering, trading, or lending money; being in an unauthorized area; gambling; and possessing unauthorized funds.

Heath's PSR also listed his misdemeanor convictions for driving while impaired, driving on the wrong side of the highway, larceny of livestock, second degree trespass, larceny of property, two counts of injury to a public building and facilities, injury to wire and fixtures of the telephone company, and simple assault. Finally, Heath's PSR detailed a parole violation.

Id. at 265.

In contrast, Mr. Williams has a misdemeanor conviction for simple affray, disorderly conduct, assault on a female and possession of stolen goods. (PSR, J.A. 178-179). Mr. Williams has two felony convictions for common law robbery that did not result in any bodily injury. *Id*. Finally, Mr. Williams had 11 unspecified infractions while previously incarcerated, and multiple arrests for misdemeanor offenses. *Id*. The dissent in *Heath* makes an especially applicable observation saying, "[t]here is no way to circumvent the fact that [Williams], by all accounts, is a perpetual criminal...Yet this case requires us to focus on whether Heath's current sentence is reasonable in light of the Supreme Court's decision in *Gall v. United*

*States,* 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)."

In *Heath*, this Court found that the variant sentence was appropriate based on the prior conduct, but Judge Gregory dissented stating that, "the facts of this case compel me to reiterate my position that substantive reasonableness must encompass more than the rote recitation of § 3553(a) factors that the Court has condoned in numerous post-*Gall* cases, and which it continues to condone today." *Heath* at 268. The dissent is especially applicable in this case because Mr. Williams' prior criminal record does not rise to the level of that in *Heath*. While Mr. Williams acknowledges that he has a number of uncharged or dismissed actions, his criminal history does no include stabbing an individual or shooting a police officer three times, clearly more serious conduct. *See Id*. at 265.

Judge Gregory asks even if criminal history justifies an upward departure or variance, "what makes Heath's recidivism so unusual as to justify an upward departure of 92% to the statutory maximum?" *Id*. at 268. The same question must be addressed in this case. Likewise, the dissent observes, "[p]roviding a laundry list of Heath's crimes is not a assessment of "reasonableness" - a relative, not absolute, term." *Id*. at 268. "While we may review the district court's conclusion only for an abuse of discretion, those words cannot be a legal incantation that prevents *meaningful* substantive review of the district court's sentence." *Id*. at 268.

18

The dissent recognizes that a defendant's criminal history can warrant a departure or variance, but that such action requires the district court to account for why it considers the criminal history calculation under the guidelines to be insufficient. *Id*. at 268.

At Williams' sentencing hearing, the district court conducted a blanket recitation of the 3553(a) factors it must consider in making a sentencing determination, including considering the guideline range. (Sentencing Transcript, J.A. 158). Specifically, The court mentions the current crimes plead to in the case at bar, Mr. Williams history and characteristics including criminal history and uncharged or dismissed action, and the need for incapacitation of the defendant to protect the public, and provide deterrence.

The court's justification for the sentence imposed can be boiled down to incapacitation, despite generalized recitation of the sentencing factors. The Court states:

> I HAVE A VERY VIOLENT, IN MY VIEW, CRIMINAL HISTORY. YOU ARE VERY INVOLVED IN THE GANG. YOU ARE A HEROIN DEALER AS PART OF THE GANG, YOU'RE MUSCLE FOR THE GANG. IT'S, AGAIN, BASED ON THE RECORD THAT I'VE HEARD ABOUT FROM THE AGENT HERE TODAY IN TERMS OF WHAT YOUR ROLE IS WITH THE GANG IN VANCE COUNTY, YOUR PROPENSITY IS TO BE ARMED AND FIRE WEAPONS. YOU HAVE THE TWO SEPARATE ROBBERY CONVICTIONS, THE

BEING IN JAIL AND TALKING TO FELLOW GANG MEMBERS ABOUT ROBBING PEOPLE TO GET BOND MONEY AND THREATS FROM INSIDE. IT'S JUST INSANE. IT'S DANGEROUS AND SOCIETY NEEDS TO BE PROTECTED AND I'M GOING TO IMPOSE A SENTENCE THAT WILL. I THINK INDIVIDUAL INCAPACITATION IS JUST CRITICAL.

\*\*\*

I AM GOING TO VARY UP TO INCAPACITATE YOU, TO PROMOTE RESPECT FOR THE LAW. AGAIN, I THINK THE CONDUCT THAT'S BEEN DESCRIBED HERE SHOWS AN EXTRAORDINARY DISRESPECT FOR THE LAW.

\*\*\*

I THINK THE GANG MEMBERS BACK IN HENDERSON AND VANCE COUNTY NEED TO HEAR ABOUT THIS SENTENCE. SOME OF THEM HOPEFULLY WILL BE GENERALLY DETERRED AND WILL BASICALLY DECIDE TO GIVE UP LIFE IN THE GANG BECAUSE THEY DON'T WANT TO SPEND 20 YEARS IN THE FEDERAL PENITENTIARY.

(Sentencing Transcript , J.A. 157-162).

In this case, the justification was Mr. Williams' criminal history and related conduct. This was properly considered under the criminal history calculation. Conduct adopted from the agent's testimony was based on multiple hearsay, limited witness interviews, and conduct that resulted in the charges in this case,

which have clearly been taken into account. This is especially true if the court's adoption of a de facto career offender guideline is upheld. The Court stated no "significant justification" for a further upward variance from 151-188 months "to the statutory maximum - undeniably 'major' -aside from a recitation of the § 3553(a) factors. "But since the Supreme Court itself differentiated between a consideration of the § 3553(a) factors and a significant justification, the former clearly cannot act as a substitute for the latter." *Heath* at 268.

The district court failed to articulate a sufficient justification for imposing the statutory maximum upon Williams. Wherefore, the sentence is substantively unreasonable and should be remanded for further proceedings.

## CONCLUSION

Based on the forgoing, this Court should remand for re-sentencing.

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Pursuant to Federal Rules of Appellate Procedure 34(a), Counsel for Appellant respectfully requests oral argument. Appellant believes oral argument will enable the Court to address questions concerning the nuances of this case, and assist with a more detailed understanding of the issues presented.

Respectfully Submitted,


<u>s/ Bradley L. Henry</u>
Counsel

Bradley L. Henry, BPR #025447
Breeding, Lodato, & Lenihan, LLC
Attorney for Mr. Williams
117 Center Park Drive, Ste. 201
Knoxville, TN 37922
(865) 670-8535
brad@breedinglaw.com

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

No. 13-4549            **Caption:** United States v. Tyshik-kee Williams

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the  type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

☑  this brief contains _____4,516_____ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

☐  this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

☑  this brief has been prepared in a proportionally spaced typeface using
MS Word 2010 _____ [*state name and version of word processing program*] in
Times New Roman, 14 point _____ [*state font size and name of the type style*]; *or*

☐  this brief has been prepared in a monospaced typeface using
_____ [*state name and version of word processing program*]
with _____ [*state number of characters per inch and name of type style*].

(s) Bradley Henry _____

Attorney for Tyshik-kee Williams _____

Dated: 11/15/2013 _____

Rev. 03/03/11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2013, I electronically filed the

Joint Appendix and Opening Brief with the Clerk of Court using the

CM/ECF System, which will send notice of such filing to the following

registered CM/ECF users:

>Jennifer P. May-Parker
>Office of the U.S. Attorney
>310 New Bern Avenue
>Suite 800
>Raleigh, NC 27601-1461
>(919) 856-4530
>jennifer.may-parker@usdoj.gov

*/s/ Catherine B. Simpson*
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664

Filing and service were performed by direction of counsel